UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERNANDEZ,<br><br>             Petitioner,<br><br>   v.<br><br>M. GAMBOA, Warden, et al.,<br><br>             Respondents. | Case No. CV 22-1371-SPG (KS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), all of the records herein, the Report and Recommendation of United States Magistrate Judge (ECF No. 21 ("Report")), and Petitioner's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 30 ("Objections")). Pursuant to § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a *de novo* review of those portions of the Report to which objections have been stated. For the following reasons, Petitioner's objections to the Report do not warrant a change to the Magistrate Judge's findings or recommendations. The Court therefore accepts the Report.

      Petitioner raised a single claim for habeas corpus relief—namely, whether the trial court violated his constitutional rights when it denied his motion for a new trial on grounds

that the jurors "considered extraneous and erroneous law." (ECF No. 21 ("R. & R.") at 3). As discussed in the Report, Petitioner appealed his conviction asserting as a basis post-trial comments made by one of the jurors ("Juror No. 6") in Plaintiff's trial, which Plaintiff claims indicates the jurors considered extraneous information during deliberations. Specifically, the juror stated during a post-trial interview that, "during deliberations there 'was a lot of discussion about whether the [rape] victim was a willing participant," but that the jurors "kept coming back to the fact that the victim was only fifteen, and that intercourse with a minor 'constituted rape.'" (*Id.* at 6). Because Petitioner was charged and tried for rape by force, Petitioner argues the victim's age was not relevant to the determination of consent, and the jurors' consideration of the victim's age was thus improper. The California Courts of Appeal ultimately rejected Petitioner's claim of juror misconduct because California and Federal Rules of Evidence prohibit impeaching the verdict based only on the jury's internal deliberations. (*Id.* at 6–11). The California Courts of Appeal found that Juror No. 6's description of the deliberations "is the sort of evidence that opens the jury's deliberations to scrutiny," rather than evidence of impermissible extraneous influence, rendering Juror No. 6's declaration inadmissible. (*Id.* at 11).

In determining Petitioner's habeas petition, the Report concluded that the California appellate court's decision was neither contrary to, nor an unreasonable application of, federal law because the state court found there was no evidence that extraneous evidence permeated the jury's deliberations—nor did Petitioner identify any—and therefore the court was not allowed to impeach the jury's verdict under the California and Federal Rules of Evidence. (*Id.* at 15). Petitioner raises three objections to the Report.

First, Petitioner objects to the conclusion of the Report by stating that Petitioner suffered a "fundamental miscarriage of justice" because he "was deprived of the safeguards affording to him of an impartial jury and the prosecution's burden to rebut the presumption of prejudice arising from the jurors' consideration of extrinsic evidence." (Objs. at 8). Petitioner's objection, however, does not further identify or explain the "extrinsic evidence" considered by the jury. Both the California and Federal Rules of Evidence

"prohibit the use of juror testimony to attack a verdict when that testimony relates to intrinsic matters, specifically, the internal mental processes by which the verdict was reached." *Martin v. Ornoski*, No. C 06-1589 PJH (PR), 2009 WL 537075, at *11 (N.D. Cal. Mar. 2, 2009) (citing *Tanner v. United States*, 483 U.S. 107, 127 (1987) ("[L]ong-recognized and very substantial concerns support the protection of jury deliberations from intrusive inquiry.")). The jurors' misinterpretation of the law on its own is not akin to an extraneous influence without other circumstances demonstrating that, for example, a juror brought in evidence or experience from outside of the presentation of evidence. *See United States v. Pimental*, 654 F.2d 538, 542 (9th Cir. 1981) (evidence that jurors had "made up their minds about the guilt of the defendants" before being instructed on the law was inadmissible to impeach the verdict); *United States v. Stacey*, 475 F.2d 1119, 1121 (9th Cir. 1973) (*per curiam*) (jurors' misunderstanding of an element of the offense was evidence of mental processes and therefore inadmissible to impeach the verdict). Petitioner, however, has not shown any evidence of extraneous influence on the jury. The Court therefore overrules Petitioner's first objection.

Second, Petitioner objects that he suffered "cumulative prejudice" because the jury foreman "persuaded" Juror No. 6 to vote for a guilty verdict. This objection similarly points to evidence of internal deliberations inadmissible to impeach the jury's verdict. *See Estrada v. Scribner*, 512 F.3d 1227, 1237 (9th Cir. 2008) (finding that "the state courts correctly concluded" evidence that jurors "felt pressured to vote for second-degree murder and were treated disrespectfully by other jurors" was "inadmissible as the subjective 'mental processes'" of the jurors); *see also United States v. Weiner*, 578 F.2d 757, 764 (9th Cir. 1978) (evidence that a juror had voted "guilty with reservation" was inadmissible to impeach the verdict). For the same reasons as outlined above, the Court overrules Petitioner's second objection.

Third, Petitioner objects that the evidence of his guilt was "far from overwhelming" and states that he is "actually innocent." (Objs. at 8–9). But Petitioner did not raise actual innocence as a basis for habeas corpus relief, and as discussed, the Report concluded that

the California Courts of Appeal did not unreasonable apply federal law when it held that the evidence of the jurors' deliberations was inadmissible to impeach the verdict. *See* (ECF No. 1). Petitioner's objection regarding evidence of his guilt or his "innocen[ce]" therefore does not relate to any finding within the Report. Nonetheless, Petitioner objects to the "Recommendations that the Petitioner did not refute or present defense evidence contesting the acts of the offenses and consent was not a proffered defense, he merely testified he did not commit the crimes at all, denying any type of sexual relationship with the victim." (Objs. at 9). This quote, however, is actually from the state court—not the Magistrate Judge—and, in any event, is not responsive to the conclusion of the Report. This objection is thus overruled.

Finally, Petitioner requests an evidentiary hearing. (Objs. at 10). Petitioner contends that a "simple inquiry" into the jurors' purported "use [of] their own personal knowledge and other incidents during the trial," such as "a head nod from a witness [and] an alleged smile from the Petitioner" would "prove the injustice done" to Petitioner. (*Id.*). However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "If a claim has been adjudicated on the merits by a state court," as here, "a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.* at 185. An evidentiary hearing is unwarranted where "the state-court record 'precludes habeas relief' under the limitations of § 2254(d)[.]" *Id.* at 183 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)). As the Report correctly found, and as discussed herein, the California appellate court's determination that inquiry into the jury's internal deliberation was prohibited was not contrary to or an unreasonable application of federal law. Because habeas relief is thus precluded under § 2254(d), the Court denies Petitioner's request for an evidentiary hearing. *See Landrigan*, 550 U.S. at 474 (in federal habeas corpus proceedings, a district court may decline to hold an evidentiary hearing "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief").

The Court thus accepts the findings and recommendations set forth in the Report. Accordingly, IT IS ORDERED that:

(1) the Petition is DENIED; and

(2) Judgment shall be entered dismissing this action with prejudice.

DATED:  June 17, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE